UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

JEFFERY BLACK,

    Plaintiff,

v.

I.E.S.C. DIESEL CORP.
d/b/a HD KITS,

    Defendant
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JEFFERY BLACK ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), files this Complaint for Damages and Demand for Jury Trial against Defendant, I.E.S.C. DIESEL CORP., d/b/a HD KITS ("Defendant"), for its failure to pay federal overtime wages to Plaintiff, and alleges the following:

## INTRODUCTION

1. Defendant failed to Plaintiff federal overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). This action arises under the FLSA, pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendants refused to pay Plaintiff during his employment period.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3.   During all times material hereto, Defendant was a Florida for-profit company located and transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4.   Defendant is headquartered at 13202 NW 107th Ave, Unit 4, Hialeah Gardens, FL 33018.

5.   Plaintiff worked for Defendant at 13202 NW 107th Ave, Unit 4, Hialeah Gardens, FL 33018.

6.   During all times material hereto, Defendant was vested with control and decision-making authority over the scheduling, hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiff.

7.   Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

8.   All acts and/or omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

9.   Defendant regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

10.   Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## PLAINTIFF'S WORK FOR DEFENDANT

11.   Defendant has over 30 years of experience in the heavy-duty diesel industry. https://www.heavydutykits.com/about-us/ (last visited August 9, 2022).

12. Defendant sources and delivers heavy-duty equipment and engine parts. https://www.heavydutykits.com/about-us/ (last visited August 9, 2022).

13. Defendant hired Plaintiff to work for them as an hourly sales specialist on January 3, 2022.

14. During all times material hereto, Defendant paid Plaintiff $22.00 per hour.

15. Plaintiff worked an average of 41-45 hours per week.

16. Plaintiff's duties included, but were not limited to, assisting customers to complete online orders, and completing telephonic orders.

17. Plaintiff's schedule was Monday through Friday from 8:30 am to 5:30 pm.

18. Plaintiff also had to occasionally work on the weekends.

19. However, Defendants refused to pay Plaintiff overtime wages during one or more workweeks when he worked more than forty (40) hours. This is despite Defendants exercising significant control over the nature and degree of the work performed by Plaintiff, and despite being constructively or expressly aware of the work Plaintiff performed over forty (40) hours of work in one or more workweeks.

20. During the relevant time period, Defendants failed to comply with the record-keeping requirements under FLSA.

21. Plaintiff's last day working for Defendants was on or about June 24, 2022.

## FLSA COVERAGE

22. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for

it affected interstate commerce because the goods and materials that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

23. During his employment with Defendant, Plaintiff and various other similarly situated employees handled and worked with goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, telephones, extension cords, pencils, pens, paper, tape, keyboards, computers, cables, stamps, markers, staplers, staples, invoices, head sets, extension cords, masks, boxes, envelopes, hand sanitizer, rebuild kids, cylinder heads, injectors, bearings, gaskets, crankshafts, diesel engines, screw drivers, hammers, nails, screws, washers, wd40, etc.

24. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

25. Defendant had gross annual revenues in excess of $500,000.00 in the years 2019, 2020 and 2021 and is expected to gross in excess of $500,000.00 in the year 2022.

26. During his employment with Defendants, Plaintiff was regularly and recurrently engaged in an instrumentality of interstate commerce and subject to individual coverage, as that term is defined by the FLSA. More specifically, Plaintiff used the interstate telephone system to regularly and recurrently speak with Defendant's customers who resided outside of the state of Florida over the phone. Plaintiff also regularly and recurrently sent and received correspondences to and from Defendant's customers and potential customers outside of Florida during his employment period.

27. During his employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

28. During all material times hereto, Plaintiff was a non-exempt, hourly employee of Defendant, within the meaning of the FLSA.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
### (Against all Defendant)

29. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

30. Plaintiff alleges this Action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

31. Defendants refused to pay Plaintiff one-and-one-half times his regular hourly rate for some hours worked over forty (40) in one or more weeks of his employment.

32. Plaintiff claims the applicable federal overtime wage rate for all of the unpaid hours over forty (40) that he worked during his employment.

33. Defendant willfully and intentionally refused to pay Plaintiff federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

34. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JEFFERY BLACK, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, I.E.S.C. DIESEL CORP., d/b/a HD KITS, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable

attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JEFFREY BLACK, demands a trial by jury on all appropriate claims.

**Dated: August 11, 2022**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS-**
        **JORDAN RICHARDS, PLLC**
        1800 SE 10th Ave, Suite 205
        Fort Lauderdale, Florida 33316
        Ph: (954) 871-0050
        *Counsel for Plaintiff*

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372
        JAKE BLUMSTEIN, ESQUIRE
        Florida Bar No. 1017746
        *Jordan@jordanrichardspllc.com*
        *Jake@jordanrichardspllc.com*
        *catherine@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 11, 2022.

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372

## SERVICE LIST: